UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**EMPIRE TODAY, LLC**

    **Plaintiff**

v.                                                                         CASE NO.: _____

**HAROLD MONBLATT, JEFFREY PELLAR
and U.R. FLOORED TODAY,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, **EMPIRE TODAY, LLC**, by and through its attorneys, for its Complaint against Defendants, **HAROLD MONBLATT, JEFFREY PELLAR & U.R. FLOORED TODAY**, alleges as follows:

## NATURE OF ACTION

1. This is an action for Federal Trademark Infringement and Unfair Competition and Dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and 1125(c), as well as Florida common law unfair competition.

## PARTIES

2. Plaintiff Empire Today, LLC ("**Empire**") is a Delaware limited liability company with its principal place of business located at 333 Northwest Avenue, Northlake, Illinois 60164.

3. On information and belief, Defendant Harold Monblatt ("**Monblatt**"), an individual, is a citizen of the State of Florida with a residence at 1702 Andros Isle, Unit F1, Coconut Creek, FL 33066.

4. On information and belief, Defendant Jeffrey Pellar ("**Pellar**"), an individual, is a citizen of the State of Florida with a residence at 3690 Historic Lane, West Palm Beach, FL 33405.

5. On information and belief, U.R. Floored Today ("**UR Floored Today**") is a company based in Florida with a principal place of business at 1702 Andros Isle, Unit F1, Coconut Creek, FL 33066. On further information and belief, UR Floored Today is not a registered entity in any state, including Florida.

6. UR Floored Today is a flooring and carpet installation company that offers its services in Coconut Creek, Florida and the surrounding area. (*See, e.g.,* https://www.yelp.com/biz/u-r-floored-today-coconut-creek-2).

7. On information and belief, Monblatt and Pellar have an ownership interest in UR Floored and/or are personally involved in, and responsible for, the day-to-day operations of the company. (Monblatt, Pellar, and UR Floored are sometimes hereinafter collectively referred to as "Defendants.")

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under 15 U.S.C., Chapter 22 – Trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as Defendants reside in this judicial district and a substantial part of the events giving rise to this claim (including Defendants' violations of the Lanham Act) occurred in Broward County, Florida, which is within this judicial district.

## FACTS

**I.      Empire Trademark Ownership**

10.     Since long prior to the acts of Defendant complained of herein, Empire has been engaged in the business, *inter alia*, of the sales and marketing of carpet and flooring and carpet and flooring installation services to the general public throughout the United States (the **"Empire Services"**).

11.     Since at least the early 1960s, Empire has provided its Empire Services to the public under the Empire name and one or more trademarks comprising the word "Empire," including, but not limited to, the marks identified in Paragraph 16 below (collectively, the "**EMPIRE Marks**").  Additionally, since at least the early 2000's, Empire has provided its Empire Services to the public under one or more trademarks comprising the word "Today."

12.     Empire displays and uses the EMPIRE Marks in advertising and promotional materials for Empire's Empire Services in interstate commerce, including without limitation, on television, radio commercials, and print and online advertisements.  Further, Empire is the owner and operator of several websites, including the website available at the URL http://www.empiretoday.com, which are used to advertise and promote Empire's Empire Services.

13.     Long before the acts of Defendants, the EMPIRE Marks became extremely well known among consumers throughout the United States.

14.     Empire has spent millions of dollars annually to advertise and promote the Empire Services under the EMPIRE Marks and has generated millions of dollars in annual sales by providing the Empire Services under the EMPIRE Marks.

15.     As a result of Empire's extensive use, advertising and promotion of the EMPIRE Marks, said EMPIRE Marks have become famous and have acquired strong secondary meaning identifying Empire as the source of the Empire Services offered.

16.     Empire has obtained a number of trademark registrations for its marks in the United States Patent and Trademark Office (copies of the registration certificate for each of the marks detailed below are attached hereto as composite **Exhibit A**).  Such registrations include, but are not limited to, the following:

| MARK | REG NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| EMPIRE | 2516389 | 12/11/01 | Telephone shop-at-home services in the field of carpeting; installation of carpets. |
| EMPIRE CARPET | 3090137 | 5/9/06 | Shop-at-home, retail store and on-line retail store services in the fields of carpeting and flooring; installation services in the fields of carpeting and flooring. |
| EMPIRE TODAY | 3559912 | 1/13/09 | Shop-at-home services in the fields of carpeting, flooring, window treatments, and bath and shower liners; installation services in the fields of carpeting, flooring, window treatments, and bath and shower liners. |
| EMPIRE TODAY & Design | 3671527 | 8/25/09 | Shop-at-home services in the fields of carpeting, flooring, window treatments, and bath and shower liners; installation services in the fields of carpeting, flooring, window treatments, and bath and shower liners. |
| EMPIRETODAY.COM | 3917495 | 2/8/11 | Shop-at-home services in the fields of carpeting, hard surfaces flooring, and window treatments; installation services |

4

|  |  |  | in the fields of carpeting, hard surfaces flooring, and window treatments. |
|---|---|---|---|

17. Empire's trademark registrations identified above are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). As such, those registrations serve as *conclusive* evidence of the validity of the marks and of the registration of these marks, of Empire's ownership of these marks, and of Empire's exclusive rights to use these marks in U.S. commerce.

18. As a result of the extensive use and promotion by Empire of the EMPIRE Marks, Empire now owns valuable goodwill, which is symbolized by said name and marks, and the use of the EMPIRE Marks substantially increases the value of Empire's business and the salability of its Empire Services.

II.     **Unauthorized Use of the EMPIRE Marks by Defendants**

19. Long after Empire acquired fame and secondary meaning in its EMPIRE Marks, as well as the issuance of the above-mentioned registrations to Empire, Defendants began using the mark, Empire Today, in commerce, in connection with their own carpet and flooring business in order to unfairly compete against Empire, to dilute the goodwill associated with the famous EMPIRE Marks, and to otherwise deceive the consuming public ("**Infringing Empire Mark**").

20. On information and belief, Defendants use the Infringing Empire Mark in order to represent themselves as employees of, or affiliated with, Empire and to deceive consumers into entering into agreements with UR Floored Today ("**Infringing Today Mark**"). *See* **Exhibit B**, Consumer Complaints from Florida Attorney General.

21. Defendant Pellar formerly served as a sales representative for Empire's services, and, in connection with same, he entered into a Non-Compete, Confidentiality, and Non-

Solicitation Agreement ("Agreement"). Pellar's sales representative roles was terminated on April 11, 2018.

22. Defendant Monblatt is a former employee of Empire. Monblatt's employment was governed by a Confidentiality and Non-Compete Agreement. Empire terminated Monblatt's employment on August 15, 2016.

23. On information and belief, during the term of the Agreement, and in violation of the Agreement, Pellar improperly sent Empire customer leads to, *inter alia,* Defendant Monblatt and his company, UR Floored Today.

24. On information and belief, upon receiving improperly diverted customer leads, Monblatt and Pellar deceived prospective consumers into believing that they are representatives of Empire or affiliated with Empire ready, willing and able to complete all work necessary to legally and professionally provide and install flooring. *Id.* at 7.

25. On information and belief, Monblatt requested all payments to be made to his personal account instead of his alleged business name. *Id.*

26. On information and belief, Monblatt did not fully pay subcontractors who then discontinued the job due to lack of payment, ultimately leaving consumers with a costly construction mess, and Monblatt subsequently evaded further communication with the consumers and failed to complete their contracted-for jobs. *Id.*

27. On information and belief, on or about April 2018, Pellar re-directed a prospective Empire customer who needed flooring repair services to Monblatt. *Id.* at 8.

28. On information and belief, Monblatt approached the prospective Empire customer and represented himself as a sales manager for Empire – even though Empire terminated his employment on August 15, 2016. *Id.*

29. On information and belief, Monblatt then deceived the prospective Empire customer into signing an estimate for work for an alternative company, UR Floored Today. *Id.*

30. On information and belief, Monblatt then took the prospective Empire customer's deposit, approximately $2,771.26, to purchase flooring materials for the renovation, which never arrived. Monblatt also arranged for two laborers, who he knew to be unlicensed, to destroy the prospective Empire customer's apartment with no intention of repairing or finishing the promised services. *Id.* at 9. On information and belief, the renovation has yet to be completed. *Id.*

31. On information and belief, Monblatt also holds himself out as a Sales Manager at Empire Today on his LinkedIn profile. *See, e.g.,* https://www.linkedin.com/in/harold-monblatt-a8574b120/.

32. In accordance with 15 U.S.C. § 1072, Empire's federal trademark registrations, including the EMPIRE Marks served as constructive notice to Defendants of Empire's rights in and to the EMPIRE Marks.

33. In addition, Defendants are well-aware of Empire's existence and have actual notice of Empire's rights in and to the EMPIRE Marks.

34. Despite Defendants' constructive and actual notice from Empire, however, it turns out Defendants defiantly continue to use the Infringing Empire Mark and Infringing Today Mark.

35. Defendants have used the Infringing Empire Mark and Infringing Today Mark for carpet and hard-surface flooring services without the consent or authority of Empire.

36. Defendants' unauthorized use of the Infringing Empire Mark and Infringing Today Mark is likely to cause confusion in the mind of ordinary consumers with respect to Empire's carpet and hard surfaces flooring services.

37. Indeed, Empire recently learned that there is actual confusion among consumers in Florida as to whether Defendants are affiliated with Empire.

38. Defendants' unauthorized use of the Infringing Empire Mark and Infringing Today Mark is willful, deliberate, and done with an intent to trade upon the fame and goodwill represented by the EMPIRE Marks, to improperly suggest or imply the existence of an affiliation or license between Monblatt, Pellar and UR Floored Today and Empire, to dilute the distinctiveness of the EMPIRE Marks, and to mislead and confuse actual and potential consumers.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

39. Empire realleges and incorporates by reference the allegations contained in preceding paragraphs of this Complaint, as though fully stated herein.

40. Defendants' Infringing Empire Mark is identical to Empire's Reg. No. 3559912 for EMPIRE TODAY and used in connection with identical services – installation services in the fields of carpeting and flooring.

41. Defendants' Infringing Today Mark is confusingly similar to Empire's Reg. No. 3559912 for EMPIRE TODAY and used in connection with identical services – installation services in the fields of carpeting and flooring.

42. Defendants' unauthorized use of the Infringing Empire Mark and Infringing Today Mark are likely to cause (and have caused) confusion, mistake, or deception as to the

source, sponsorship, or approval of Defendants' services, and falsely and deceptively represent Defendants' services as being sponsored, authorized, or provided by Empire, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Empire's goodwill and reputation, for which Empire has no adequate remedy at law.

44. Defendants committed the wrongful actions with the intent to mislead and misdirect consumers.

45. Defendants caused and are likely to continue causing substantial injury to the public and Empire, and Empire is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Federal Unfair Competition/False Designation of Origin
### 15 U.S.C. § 1125(a)

46. Empire realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

47. Section 1125(a)(1)(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities…

48. Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its services in violation of 15 U.S.C. § 1125(a).

49. Defendants' unauthorized use of the Infringing Empire Mark and Infringing Today Mark falsely suggests that Defendants are associated with Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendants' unauthorized use of the Infringing Empire Mark and Infringing Today Mark causes consumers to think that Defendants are affiliated with or sponsored by Empire in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the EMPIRE Marks causing irreparable injury to Empire.

52. Defendants conduct has caused, and is likely to continue causing, substantial injury to the public and to Empire.  Empire is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III
### Federal Trademark Dilution
### 15 U.S.C. § 1125(c)

53. Empire realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

54. Empire has exclusively and continuously promoted and used the Empire Marks in the United States since the 1960's. The EMPIRE Marks have become a famous and well-known identifier of Empire and the Empire Services.

55. Defendants are making use in commerce of the Infringing Empire Mark and Infringing Today Mark, which dilutes and is likely to dilute the distinctiveness of the EMPIRE Marks. Moreover, Defendants' deceptive conduct tarnishes and degrades, and is likely to tarnish and degrade, the positive associations and prestigious connotations of the EMPIRE Marks, and otherwise lessening the capacity of the EMPIRE Marks to identify and distinguish Empire's Empire Services.

56. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the good will associated with the EMPIRE Marks causing irreparable injury to Empire.

57. Defendants have caused and will continue to cause irreparable injury to Empire's goodwill and business reputations, and dilution of the distinctiveness and value of Empire's famous and distinctive EMPIRE Marks in violation of 15 U.S.C. 1125(c). Therefore, Empire is entitled to injunctive relief, Defendants' profits, actual damages, enhanced profits and damages and reasonable attorneys' fees under 15 § U.S.C. 1125(c), 1116, and 1117.

## COUNT IV
### Florida Deceptive and Unfair Trade Practices

58. Empire realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully stated herein.

59. Defendants have been and are passing off its services as those of Empire's, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' services, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Empire, and otherwise damaging the public.

60. Defendants further have been and are improperly taking and using Empire's customer leads in order to generate business for UR Floored Today.

61. Empire has spent millions of dollars annually to advertise and promote the Empire Services under the EMPIRE Marks and has generated millions of dollars in annual sales by providing the Empire Services under the EMPIRE Marks.

62. As detailed above, Defendants have used the fame and reputation of the EMPIRE Marks in order to compete with Empire, thereby gaining a special advantage (i.e., a "free ride") because Defendants were burdened with little or none of the expenses incurred by Empire.

63. Defendants conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Florida's Deceptive and Unfair Trade Practices Act.

64. Empire is being damaged by this conduct in the form of, *inter alia*, the loss of sales, customers, and good will.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Empire Today, LLC asks this Court (1) for entry of a preliminary injunction restraining Defendants from the unlawful, unfair, fraudulent, deceptive and misleading acts and conduct set forth above, and enjoining Defendants from representing themselves as employees of Empire Today, LLC and using any mark, slogan, Internet domain name, trade name, business name or other device that infringes (*i.e.*, is confusingly similar to) the

EMPIRE Marks for any purpose—including, but not limited to, for use in connection with any website, or the sale or advertisement of any product or service, and (b) to enter judgment in its favor against Defendants as follows:

  A. For a permanent injunction restraining Defendants from the unlawful, unfair, fraudulent, deceptive and misleading acts and conduct set forth above, and enjoining Defendants from representing themselves as employees of Empire Today, LLC and using any mark, slogan, Internet domain name, trade name, business name or other device that infringes (*i.e.*, is confusingly similar to) the EMPIRE Marks for any purpose—including, but not limited to, for use in connection with any website, or the sale or advertisement of any product or service;

  B. For an order directing Defendants to file with this Court and serve on Empire, within three (3) days after service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

  C. For an order requiring Defendants, and all those in privity with them, to surrender for destruction all materials incorporating or reproducing Plaintiff's EMPIRE Marks pursuant to 15 U.S.C. § 1118;

  D. For an accounting of the gains and profits realized by Defendants from their wrongful acts of trademark infringement and dilution and restitution of such amounts and recovery of all actual damages suffered and sustained by Empire as a result of Defendant's aforesaid wrongful acts, as well as payment for the costs of this action and prejudgment interest, pursuant to 15 U.S.C. § 1117;

E. For statutory and common law damages, including actual damages and increased and punitive damages as allowed by the law—including, but not limited to, those increased damages authorized by 15 U.S.C. § 1117;

F. For Empire's costs and expenses, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and prejudgment interest at the maximum legal rate; and

G. For such other and further relief as may be just and equitable.

Dated this 31st day of May 2018

Respectfully submitted,

*s/ Meagan L. Martin*
Meagan L. Martin, Esq.
Florida Bar No.: 0089657
mmartin@bakerlaw.com
Joel C. Griswold, Esq.
Florida Bar No.: *Pending*
jcgriswold@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Ste. 2300
Orlando, FL 32802-0112
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

**OF COUNSEL:**

John S. Letchinger, Esq.
Illinois Bar No.: 6207361
jletchinger@bakerlaw.com
Matthew J. Caccamo, Esq.
Illinois Bar No.: 6282605
mcaccamo@bakerlaw.com
**BAKER & HOSTETLER, LLP**
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

**COUNSEL FOR PLAINTIFF**

4840-3720-2023.1