UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61219-BLOOM/Valle

EMPIRE TODAY, LLC,

    Plaintiff,

v.

HAROLD MONBLATT, JEFFREY PELLAR
and U.R. FLOORED TODAY,

    Defendant.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the Motion for Default Final Judgment filed by Plaintiff Empire Today, LLC ("Plaintiff"), ECF No. [40] (the "Motion"). A Clerk's default was entered against Defendants Harold Monblatt and U.R. Floored Today ("Defendants") on July 23, 2018, as Defendants failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. ECF Nos. [8], [9]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted in part.

### I. BACKGROUND

Plaintiff initiated this action on May 31, 2018 asserting claims for (i) trademark infringement in violation of 15 U.S.C. §§ 1114; and (ii) unfair competition/false designation of origin in violation of 15 U.S.C. § 1125(a). *See* ECF No. [1] ("Complaint" or "Compl."). As of

the date of this Order, Defendants have not responded to the Complaint or otherwise appeared in this action.[1]

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. The Eleventh Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's discretion).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on

---

[1] Plaintiff settled its claims with the third Defendant, Jeffrey Pellar and notified the Court of the settlement on March 18, 2019. *See* ECF No. [37].

those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III. DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor. Because Defendants have not appeared, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendants' liability.

"[T]o succeed on a trademark infringement claim, a plaintiff must prove (1) that its valid mark was used in commerce by the defendant without consent, and (2) that the unauthorized use was likely to cause confusion, to cause mistake, or to deceive." *Gen. Motors Corp. v. Phat Cat Carts, Inc.*, 504 F. Supp. 2d 1278, 1283 (M.D. Fla. 2006); *see Dieter v. B & H Indus. of Sw. Fla.,*

*Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). "The plaintiff's use of the mark must also predate the defendant's potentially confusing mark." *Ordonez*, 2011 WL 3843890, at *5 (citing *Tally-Ho, Inc. v. Coast Cmty. College Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1990)). Importantly, "[t]he 'likelihood of confusion test' does not require that a plaintiff prove that consumers would likely confuse the alleged infringer's product with the real product"; rather, "it is sufficient for a plaintiff to show that the unauthorized use of the trademark has the effect of misleading the public to believe that the user is sponsored or approved by the plaintiff." *Gen. Motors Corp.*, 504 F. Supp. 2d at 1284 (internal quotations omitted). In addition, the test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992).

In the Complaint, Plaintiff alleges that it has been engaged in the business of sales and marketing of carpet and flooring, and carpet and flooring installation services throughout the United States, and has provided such services under the Empire name and various trademarks ("Empire Marks"). Compl., ECF No. [1] ¶¶ 10-11. Plaintiff further alleges that it possesses a number of trademark registrations, and that through its use, advertising and promotion of the Empire Marks, the Empire Marks have become famous and acquired strong secondary meaning identifying Plaintiff as the source of the services offered. *Id.* ¶¶ 15-16. Plaintiff asserts that Defendants began using, and continue to use, Plaintiff's Empire Marks in connection with their own carpet and flooring business without Plaintiff's authorization. *Id*. ¶¶ 19-20, 34-35. In addition, Defendants' unauthorized use of the Empire Marks is likely to confuse, and has caused actual confusion among, consumers. *Id*. ¶¶ 36-37. By default, Defendants have admitted the truth

of these allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendants for trademark infringement and false designation of origin.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id*. (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *Petmed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004) (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

In the instant case, Plaintiff seeks injunctive relief only. Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this case makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). In the instant case, Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and the submissions by Plaintiff show, that Defendants' wrongful use of the Empire Marks has caused actual confusion to consumers. *See id*.

Plaintiff has no adequate remedy at law so long as Defendants continue to use the Empire Marks because Plaintiff cannot control the quality of what appear to be its products and services in the marketplace. Plaintiff faces hardship from loss of sales and the inability to control reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiffs' trademarks, which is an illegal act. Therefore, an award of monetary damages would not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing actions are allowed to continue.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' actions. *See Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). Defendants are profiting from their deliberate misappropriation of Plaintiff's rights by using Plaintiff's trademarks. Accordingly, permanent injunctive relief prohibiting Defendants from continuing their unlawful activity is appropriate to achieve this end.

In addition, Plaintiff requests that the Court award attorneys' fees and costs. The Lanham Act entitles a prevailing plaintiff to costs and gives the Court discretion to award reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). "The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful." *Punch Clock, Inc. v. Smart Software Dev.*, 553 F. Supp. 2d 1353, 1359 (S.D. Fla. 2008) (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)). In addition, a case may be deemed "exceptional" and merit an award of attorneys' fees under the Lanham Act when the defendant disregards legal proceedings and does not appear. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 (citing *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003) ); *see also Rib City Grp., Inc. v. RCC Rest. Corp.*, 2010 WL 4739493, at *2-3 (M.D. Fla. Nov. 16, 2010) (finding an exceptional case based in part on defendants' failure to appear and answer the allegations and awarding $23,400.00 in attorneys' fees).

Here, Defendants have admitted in default that their unauthorized use of the Empire Marks is "willful, deliberate, and done with an intent to trade upon the fame and goodwill represented by the EMPIRE Marks . . . ." Compl., ECF No. [1] ¶ 38. Based on this admission, combined with

Defendants' lack of appearance, the Court finds that the instant case constitutes an "exceptional case" entitling Plaintiff to an award of reasonable attorneys' fees. *See Ordonez*, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) ("Willful infringement may be inferred from a defendant's willingness to accept a default judgment." (citing *Arista Records, Inc.*, 298 F. Supp. 2d at 1313)). Plaintiff's attorney has stated in a sworn declaration that his law firm spent 30.25 hours on this case, totaling $11,370.95 in attorneys' fees, and $530.00 in costs, constituting the filing fee and process server fee. *See* ECF No. [40-1] ¶¶ 4-5. However, Plaintiff provides no further information regarding what portion of the time spent and costs accrued may be attributable to pursuing this case against Defendants, as opposed to Defendant Pellar, who did not default. As such, the Court cannot determine whether the fees and costs sought are reasonable, and Plaintiff's request for attorneys' fees and costs will be denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [40]**, is **GRANTED IN PART**;

2. Pursuant to Rule 58(a), Fed. R. Civ. P., a Final Default Judgment in favor of Plaintiff and against Defendants Harold Monblatt and U.R. Floored Today awarding injunctive relief shall follow in a separate order;

3. Plaintiff's request for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 4, 2019.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record